UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Bullard,<br><br>                         Plaintiff,<br><br>v.<br><br>Darrick Smith; Christina Olmedo Hernandez; Mauricio Olmedo Hernandez; and DOES 1-10 inclusive,<br><br>                        Defendants. | Case No.: 19cv65-WQH-LL<br><br>**ORDER** |

HAYES, Judge:

On January 10, 2019, Defendants Darrick Smith, Christina Olmedo Hernandez, and Mauricio Olmedo Hernandez initiated this action by filing a Notice of Removal of State Court Civil Case No. 56-2018-00521717-CL-UD-VTL. (ECF No. 1). The attached state court complaint for unlawful detainer, ECF No. 1-1, is an action initiated by Plaintiff seeking possession of the property and $2750.00 from Defendants in overdue rent on a property in Ventura, California. On January 10, 2019, a Motion to Proceed In Forma Pauperis was also filed by Defendant Darrick Smith. (ECF No. 2).

**I.    Motion to Proceed in Forma Pauperis**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of

1

$400.00. *See* 28 U.S.C. § 1914(a); CivLR 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

The motion to proceed in forma pauperis filed by Defendant Darrick Smith indicates that Defendant receives "disability, or worker's compensation payments." (ECF No. 2 at 1). Defendant did not, however, provide a response in the corresponding box indicating "the amount that [Defendant] received and what you expect to receive in the future." *Id.* The Court has not been provided with sufficient financial information as to Defendant to determine if he qualifies to proceed in forma pauperis in this civil action.

**II.    Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(b)**

The determination of whether a party may proceed in forma pauperis does not complete the inquiry. The court is also required to screen cases filed by parties proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant. Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a removed case if it lacks jurisdiction over the matter. *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003); *accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d

1209, 1211 (9th Cir. 1998); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

In relevant part, the federal removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," *id.*, and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance'" *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome, Inc.*, 582 F.3d at 1091; *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint

as of the time the removal petition was filed. Jurisdiction is based on the complaint as originally filed" *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

In this case, Defendants indicated on the civil cover sheet filed along with the state court complaint that the basis of federal jurisdiction in this matter is "Federal Question" and the cause of action is "Title 28, sec. 1441(6)". (ECF No. 1-2). 28 U.S.C. § 1441 is the federal removal statute, however, and is not an independent basis of jurisdiction. Looking to the complaint, the parties are not diverse and the complaint does not on its face allege a cause of action arising under the Constitution, laws, or treaties of the United States that would give this Court original jurisdiction over this matter.[1] Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Muhammad v. N. Richmond Senior Hous., Inc.*, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v. Enshiwat*, 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("Unlawful detainer actions are strictly within the province of state court."); *Franks v. Franks*, 2017 WL 1735169, at *1 (S.D. Cal. May 4, 2017) (same). As currently pled, were Defendant to be granted leave to proceed in forma pauperis, or should Defendant pay the filing fee, this action would be remanded back to state court for lack of federal subject-matter jurisdiction.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is denied without prejudice. Defendant shall, within thirty (30) days of the date this Order is filed, either (1) pay the filing fee, or (2) submit a motion to proceed in forma pauperis with the required financial information. If Defendant fails to submit

---

[1] In deciding whether to amend his Motion to Proceed In Forma Pauperis, Defendant is advised to consider whether this action is more appropriately transferred to local state court.

payment or a motion to proceed in forma pauperis within thirty days of the date of this Order, the Court will dismiss the case without prejudice.

Dated: January 28, 2019

Hon. William Q. Hayes
United States District Court